## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Megan Boyd and Rakeen Henderson, each   )
individually and on behalf of all others similarly )
situated,                                       )
                                             )   Civil Action No. 13:CV 5965 (KPF) (MHD)
        Plaintiff,                )
                                           )
         v.                        )
                                           )
                                           )
Revel Entertainment Group LLC       )
and Chatham Asset Management, LLC,    )   Jury Demanded
                                           )
        Defendants.              )

## COMPLAINT - CLASS ACTION

Plaintiffs, Megan Boyd ("Boyd" "Megan Boyd" or "Plaintiff") and Rakeen Henderson ("Henderson" "Rakeen Henderson" or "Plaintiff") (collectively, "Plaintiffs") by their undersigned attorneys Baker Sanders, LLC, individually and on behalf of all others similarly situated, brings this action against Defendants Revel Entertainment Group LLC ("Revel") and Chatham Asset Management, LLC ("Chatham"), under the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A. §56:12 et seq. ("TCCWNA"); the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 *et seq.* ("CFA"); the New Jersey Administrative Rules of the Division of Consumer Affairs, Subchapter 9, N.J.A.C. 13:45A-9.1 et seq.; New York General Business Law §349 ("GBL 349"); New York General Business Law §350 ("GBL 350"); the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. §201 et seq.; Maryland Unfair Trade Practices and Consumer Protection Law, Md. Com. Law Code §13-101 et seq.; Delaware Unfair Trade Practices

and Consumer Protection Law, 6 Del. Code §2511 et seq.; District of Columbia Unfair Trade Practices and Consumer Protection Law, D.C. Code §28-3901 et seq.; and the common laws of the states of New Jersey, New York, Pennsylvania, Maryland and Delaware, and the District of Columbia, for a finding that Defendants' actions violated said statutes and common laws, and to recover damages against Defendants' therefor, and allege as follows:

## NATURE OF THE ACTION

1.      This is a consumer rights class action lawsuit.  Defendant Revel owns and, along with Defendant Chatham, co-operates the $2.4 billion "Revel" casino resort hotel located at 500 Boardwalk, Atlantic City, New Jersey.  In June and July 2013, Defendants ran a marketing campaign through various media outlets, attempting to draw customers to their casino to gamble.  The marketing efforts included advertised promises to refund all losses on slot machines throughout the month of July.  As a result of the advertised assurances by Defendants that customers would get their money back if they lost, many residents of New Jersey and nearby states flocked to Revel Casino to gamble.  After being lured by Defendants, the putative Class members later learned that Defendants never intended to refund any slot losses.  Defendants relied on their deceptively hidden rules to avoid paying any refunds at all. Rather than refund losses as promised, Defendants required that customers return to Revel Casino for twenty consecutive weeks to receive play money with a face value of five percent of the customers' losses each of the twenty weeks.  This deceptive business scheme enticed thousands of customers to patron Revel Casino, resulting in the first ever profitable period since its opening 18 months ago.

## JURISDICTION AND VENUE

2.        This court has original jurisdiction over the action under 28 U.S.C. §1332 as the aggregated amount in controversy exceeds the sum or value of $5,000,000.00 exclusive of interest and costs, and is a class action in which some members of the Class of Plaintiffs are citizens of states different from at least one Defendant.

3.        This Court has personal jurisdiction over Defendants because Defendant Revel is a Limited Liability Company authorized to transact business in New York by the Department of State; Defendant Chatham has its principal place of business within 100 miles of the Manhattan courthouse of the United States District Court for the Southern District of New York; Defendants have specifically marketed the offerings of the Revel Casino to several jurisdictions within the United States, including New York State; and they have sufficient purposeful, systematic and continuous minimum contacts with various states of the northeast United States, including New York; and/or sufficiently avail themselves of the markets of various states of the United States, including New York, through their purposeful and targeted promotion, sales, and marketing within the northeast United States, including New York, to render the exercise of jurisdiction by this Court permissible.

4.        Venue is properly placed within this judicial district, as the fraudulent, deceptive and otherwise wrongful scheme complained of herein was purposely and continuously marketed directly to the residents of New York, as well as elsewhere within the United States, including to those persons residing or employed in this Judicial District; Defendants thereby and otherwise intentionally availed themselves of the laws and markets within this District; and because Defendant(s) are believed to transact business generally in this District.

5.      In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly and indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, interstate communication via the world wide web/internet, radio broadcast and interstate television communications between and among the jurisdictions of New Jersey, New York and Pennsylvania, and upon good faith belief, Maryland, Delaware and the District of Columbia.

## PARTIES

6.      Plaintiff Megan Boyd is a New Jersey citizen residing at: 11 Dover Lane, Sicklerville, Camden County, New Jersey 08081.

7.      Plaintiff Rakeen Henderson is a New Jersey citizen residing at: 154 West Second Avenue, Roselle, Union County, New Jersey 07203.

8.      Plaintiffs and the putative class members are aggrieved consumers protected from unfair trade practices by deceptive businesses pursuant to both the laws of the states in which they reside, as well as the laws of the states wherein the wrongful conduct took place.

9.      Defendant Revel Entertainment Group LLC ("Revel") is a New Jersey Limited Liability Company authorized to, and in fact does transact business in New York, with a New York address for service of process of P.O. Box 70007, Staten Island, New York 10307.

10.     Defendant Chatham Asset Management, LLC ("Chatham") is Delaware Limited Liability Company with its principal place of business at 26 Main Street, Suite 204,

Chatham, Morris County, New Jersey 07928.   Its address for service of process is: Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808.

11.      Defendant Revel owns and co-operates the $2.4 billion Atlantic City casino resort hotel "Revel," a/k/a "Revel Atlantic City" ("Casino" "Revel" or "Revel Casino") located at 500 Boardwalk, Atlantic City, New Jersey.

12.      On or about May 31, 2013, Defendant Chatham obtained a New Jersey license to oversee Revel Casino's management and operation following Revel's exit from bankruptcy, and pursuant thereto, co-operates the Revel Casino.

13.      At all material times referenced herein, Defendant Chatham was a co-operator of Revel with the power, authority and obligation to establish and approve marketing campaigns for Revel.

14.      Plaintiffs and the Class allege that Defendants violated the substantive consumer protection and unfair deceptive trade practices acts or statutes of all the jurisdictions where their consumers reside, including New Jersey, New York, Pennsylvania, Maryland, Delaware and Washington D.C.

15.      Defendants are retail sellers whose notices, signs and warrantees are protected by the New Jersey "Truth-in-Consumer Contract, Warranty and Notice Act."

16.      Defendants are retail sellers whose business conduct with consumers is governed by the New Jersey "Consumer Fraud Act" ("CFA").

17.     Defendants are retail sellers whose business conduct with consumers is governed by the New Jersey Administrative Rules of the Division of Consumer Affairs, Subchapter 9, N.J.A.C. 13:45A-9.1 et seq.

18.     Defendants are retail businesses whose trade conduct with consumers residing in jurisdictions outside the State of New Jersey is governed by the New Jersey Consumer Fraud Act and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act, as well as the laws of the jurisdictions in which the consumers reside, including: New York General Business Law §349 ("GBL 349"); New York General Business Law §350 ("GBL 350"); the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. §201 et seq.; Maryland Unfair Trade Practices and Consumer Protection Law, Md. Com. Law Code §13-101 et seq.; Delaware Unfair Trade Practices and Consumer Protection Law, 6 Del. Code §2511 et seq.; and the District of Columbia Unfair Trade Practices and Consumer Protection Law,  D.C. Code §28-3901 et seq.

## CLASS ALLEGATIONS

19.     Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the states of New Jersey, New York, Pennsylvania, Maryland and Delaware, and the District of Columbia who were subjected to the Defendants' unlawfully deceptive advertisements for Revel Casino's Slot Machine Refund Offer contained within Defendants' Gamblers Wanted Campaign in June and July 2013 and who subsequently patronized Revel Casino and sustained losses on slot machines during the month of July 2013 that Defendants did not refund.

20.      In June and July 2013, Defendants regularly and systematically employed the deceptive promotional scheme for its Slot Machine Refund Offer within its Gamblers Wanted Campaign, purposefully targeting of residents of New Jersey, New York, Pennsylvania, Maryland, Delaware and the District of Columbia with misleading promises they never intended to keep, and in fact did not keep, including "All July long, we're going to refund all slot losses" "You really can't lose" and "That's right.  If you win, you win. If you lose, we'll give it all back!".

21.      The class consists of hundreds or thousands of Defendants' customers who were induced by the Defendants' deceptive and misleading promotional scheme to patronize Revel Casino in July 2013 and suffered losses at the slot machines that were not refunded by Defendants as promised.

22.      Plaintiffs' claims are typical of the claims of the class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

23.      The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the

Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  It would also be cost prohibitive for many if not most of the Class members to pursue their legal rights in non-aggregated litigation.

24.     Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

25.     Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiffs have retained counsel experienced in aggregated litigation, and actions based on consumer protection statutes.

## FACTUAL ALLEGATIONS

26.     During approximately June 20, 2013 through July 2013, Defendant Revel ran a "Gamblers Wanted" marketing campaign for the Casino in several mass media outlets, including television, print, radio, internet and outdoor marketing, targeting residents of several states in the northeast, including New Jersey, New York, Pennsylvania, Delaware and Maryland ("Campaign" or "Gamblers Wanted Campaign").  The Gamblers Wanted Campaign unequivocally promised potential patrons that if they came and gambled at the

Revel Casino, all slot machine losses[1] would be refunded during the month of July 2013 ("Slot Machine Refund Offer" or "Offer").  The Campaign offer included such unambiguous assurances as:

- *"You can't lose"*

- "All July long, we're going to refund all slot losses"

- *"That's right. If you win, you win. If you lose, we'll give it all back!"*

- *"You really can't lose."*

27.     Parts of the Campaign can still be seen at http://media.revelresorts.com/press-release/102/ ;

http://www.philly.com/philly/business/You_Cant_Lose_at_Revel_casino_in_July.html?c=r ; and http://www.nj.com/business/index.ssf/2013/07/bamboozled_revel_casinos_pitch.html .

28.     The Campaign made no mention of any limitations or restrictions on the Slot Machine Refund Offer, except for the duration (July 2013 only), that only losses over $100 were subject to the offer, and other limitations or restrictions set forth only in conflicting and virtually illegible fine print contained in some aspects of the Campaign (the "Illegible Fine Print").[2]

---

[1] Defendants have deemed "slots" to include slot machine games, video poker and electronic table game play, and as such, the term "slots" or "slot machines" in this lawsuit includes all 3 such game types.

[2] The "Gamblers Wanted" Campaign included both the Slot Machine Refund Offer complained of herein, and an offer to match slot machine offers of other Atlantic City hotels ("Match Offer").  The Match Offer is not part of this action.  The reference in this lawsuit to a lack of limitations or restrictions in the advertisements for the Campaign does not include limitations, restrictions or rules in the Campaign that apply only to the Match Offer.  As an example, the Match Offer had an explicit restriction in at least some of the advertisements that indicated: "Customers need only bring their original mail piece to the Revel Card Desk and an identical amount of Free Slot Play will be loaded to their Revel Card."  This restriction appeared in Defendant Revel's press release *only* in the paragraph about the Match Offer, and not for the Slot Machine Refund Offer. See http://media.revelresorts.com/press-release/102/ .

29.      The Illegible Fine Print in Defendants' television commercials mentioned rules, restrictions and limitations that were:

    i.   in direct and irreconcilable conflict with the main advertisement;

    ii.   appeared in print so small and fuzzy as to be illegible; and

    iii.   only flashed on screen for one second which rendered it impossible to read regardless of font size or clarity.

30.      Defendant Revel's own online press release for the Campaign does not even contain any printed program restrictions, limitations or rules (other than the above mentioned July duration and $100 offer subject), nor does it even have a hyperlink connected to any restrictions, limitations or rules.  See http://media.revelresorts.com/press-release/102/ .

31.      The press release specifically mentioned that the co-advertised Match Offer[3] was to be paid out in play money known as "Free Slot Play," but made no mention that the same applied to the Slot Machine Refund Offer.  Specifically, the press release states that for the Slot Machine Refund Offer, slot losses "will be refunded to gamblers using a Revel Card," while for the co-advertised Match Offer, it stated "Free Slot Play will be loaded to their Revel Card." (emphasis added).

32.      The press release did not indicate that there were any restrictions, limitations and/or rules posted on the Revel website or any other source that consumers should reference.  The closest allusion indicated: "For additional information and updates, please visit www.revelcasino.com."

---

[3] See note 1 above.  The Match Offer is not part of this action.

33.     The Illegible Fine Print in Defendants' television commercials indicated rules, restrictions and limitations that were in direct conflict with the main portion of the Slot Machine Refund Offer and are completely irreconcilable therewith.

34.     Notwithstanding the clearly communicated fundamental portions of the Slot Machine Refund Offer that promised "*All July long, we're going to refund all slot losses,*" "*Gamblers who win, win, but a gambler that loses over the month of July will get that [sic] loss refunded.*" and "*That's right.  If you win, you win. If you lose, we'll give it all back!*", Defendants' intention from the beginning was to apply the hidden contradictory rules, restrictions and limitations that were in the Illegible Fine Print in an effort to thwart, defraud and refuse to pay for any losses.

35.     The Illegible Fine Print in Defendants' television advertisement included the <u>one second</u> displaying, in an extremely small font size, of the following rules, restrictions and limitations that are absurdly conflicting and irreconcilable with the fundamental portions of the Slot Machine Refund Offer:

> "Revel Card required. Minimum cumulative loss of $100 by July 31, 2013. Loss refunds are capped at $100,000. Only slot, video poker and electronic table game play is eligible. Losses are refunded over 20 weeks beginning August 5, 2013 in the form of Free Slot Play."

36.     During the Campaign, Defendant Revel's website had essentially the same Illegible Fine Print, listed in 7-point letters at the bottom of the "gaming" page.

37.     Defendants' radio spots offered even less detail.  Resembling the television ad, it said, "If you lose, we'll give it all back." But the only "fine print" says, "See Player's Club for details."

38.     Defendants' Illegible Fine Print was purposefully hidden so that the potential customers observing the Campaign would not see that the promise of a "refund" was wholly illusory.

39.     The Defendants' promises in the Slot Machine Refund Offer have no reasonable interpretation consistent with the portions of the Illegible Fine Print that provide for Free Slot Play in lieu of a refund.  As the Free Slot Play referenced in the Illegible Fine Print has no cash value and may not be used for any purpose other than to play the slots at Revel Casino, the provision of same does not equate with a refund.

40.     The word "refund" is universally understood to mean that money spent will be given back.  In fact, the main portion of the Campaign included the promise "If you lose, we'll give it all back!"

41.     Defendants' Illegible Fine Print is completely inconsistent with this definition in that it does not contemplate the return of money to the patron under any circumstances whatsoever.

42.     Defendants' policy, buried in the Illegible Fine Print, required losing slot players to return to Revel Casino *every week for twenty consecutive weeks* to claim their "refund," and

even then, they would receive only "Free Slot Play."   This is entirely at odds with the heavily marketed unconcealed portions of the Slot Machine Refund Offer.

43.       No reasonable person having observed the main portion of Defendants' Slot Machine Refund Offer Campaign would rationally conclude that the Illegible Fine Print was consistent therewith.  To the contrary, the only reasonable interpretation of the unconcealed portion of the Campaign is that slot loses would be immediately refunded to the patrons in cash or the functional equivalent thereof.

44.       Defendants intentionally and deceitfully created and published the Campaign with promises of a "refund [of] all slot losses" and "If you lose, we'll give it all back!" while never intending to abide by those promises.

45.       Defendants' Campaign was intentionally misleading, deceiving, deceptive and fraudulently inducing to innocent victims, including Plaintiffs and the putative Class members, who reasonably believed they would in fact get a refund if they lost money in Defendant Revel's slot machines in July 2013.

46.       Plaintiffs and the putative Class members responded to Defendants' Campaign by traveling to Revel Casino and playing the slot machines during the month of July 2013. Defendant Revel refused to refund the losses Plaintiffs and the putative Class members suffered.

47.       As the strategy of their Campaign was to profit by deceit, Defendants' promotional scheme was in reality more akin to "marketeering" than legitimate marketing.

48.     The acts, practices, misrepresentations and omissions by Defendants described above, and Defendants' dissemination of deceptive and misleading advertising and marketing materials in New York, including in this Judicial District, as well as in the states of New Jersey, Pennsylvania, Maryland and Delaware, and the District of Columbia in connection therewith, occurring in the course of conduct involving trade or commerce, constitute unfair methods of competition and unfair or deceptive acts or practices within the meaning of each of the aforementioned consumer protection statutes.

**COUNT I:**
**FOR VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT,**
**N.J.S.A. §56:8-1 *et seq.* ("CFA")**

49.     Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

50.     Defendants' aforementioned deceptive conduct is in direct violation of New Jersey's consumer fraud regulations, N.J.A.C. §13:45A-9.2(a)(5) and (9), and is therefore illegal pursuant to the New Jersey Consumer Fraud Act.

51.     Specifically, as part of their Slot Machine Refund Offer Campaign, Defendants have engaged in the following which are explicitly deemed unlawful pursuant to N.J.A.C. §13:45A-9.2(a)(5) and (9):

    a.  The failure to have their advertising disclaimers set forth in a type size and style that is clear and conspicuous relative to the other type sizes and styles used in the advertisement; and

    b.  The making of false or misleading representations of facts concerning the reasons for, existence or amounts of price reductions and the nature of an offering.

52.      Defendants violated N.J.S.A. §56:8-2 by using the above described unconscionable commercial practices, deception, fraud, false promise, misrepresentations and the knowing, concealment, suppression, and omission of material facts regarding the rules, restrictions and limitations they intended to apply to their Slot Machine Refund Offer Campaign, with the intent that Plaintiffs and the Class members rely upon such concealment, suppression and omission in connection with the Slot Machine Refund Offer advertisement.

53.      As a direct and proximate result of Defendants' statutory violations, Plaintiffs and Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

54.      This Court has jurisdiction over the application of the Consumer Fraud Act to the advertising activities in issue herein as the subject matter of this action involves only ordinary questions concerning false, deceptive or misleading statements and the controversy between the parties is devoid of any content which calls upon the expertise or prerogative of the Casino Control Commission or any other agency to which a court need defer.

55.     By reason of Defendants' violations of New Jersey's Consumer Fraud Act, Plaintiffs and Class members are entitled to recover, and the Court <u>must</u> award, threefold the damages sustained, pursuant to N.J.S.A §56:8-19, as a non-exclusive remedy pursuant to N.J.S.A. 56:8-2.11, N.J.S.A. 56:8-2.12, and N.J.S.A. 56:8-2.13.

**COUNT II:**
**<u>FOR VIOLATION OF THE NEW JERSEY TRUTH-IN-CONSUMER CONTRACT,</u>**
**<u>WARRANTY AND NOTICE ACT, N.J.S.A. §56:12 *et seq.*  ("TCCWNA")</u>**

56.     Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

57.     Plaintiffs' and the Class members' legal right to be free from deceptive, misleading and unconscionable advertising has long been "clearly established" under the New Jersey Consumer Fraud Act, N.J.S.A. §56:8-1 et seq., and therefore the Defendants' advertisements containing "notices" of the Slot Machine Refund Offer were in violation of The New Jersey Truth-In-Consumer Contract, Warranty and Notice Act, N.J.S.A. §56:12 et seq.

58.     As a direct and proximate result of Defendants' statutory violations, Plaintiffs and Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

59.     As a result of the harm caused by Defendants' violation of The New Jersey Truth-In-Consumer Contract, Warranty and Notice Act, Plaintiffs and the Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, in

addition to one hundred dollars each, together with reasonable attorney's fees including an appropriate contingency enhancement of the lodestar for purposes of fee shifting of no less than twenty percent (20%), and court costs, as a non-exclusive statutory remedy pursuant to N.J.S.A. 56:12-17.

## COUNT III:
## FOR VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW §349 ("GBL 349")

60.     Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

61.     Defendants purposefully targeted their deceptive Slot Machine Refund Offer to residents of New York by way of advertising over the internet, television and radio.

62.     Tens of thousands of New York residents saw or heard the advertising of Defendants' Slot Machine Refund Offer, and thousands were induced thereby to frequent Revel Casino in July 2013, many of whom suffered slot machine gambling losses that Defendants have refused to refund as promised.

63.     Defendants' Slot Machine Refund Offer was likely to mislead, and in fact did mislead, reasonable consumers under the circumstances.

64.     Defendants' materially misleading and deceitful conduct as set forth herein above violates the New York legal prohibition against deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service.

65.    Defendants have injured Plaintiffs and the Class members with their consumer-oriented, materially deceptive and misleading conduct, in violation of New York General Business Law §349, and as a result thereof, the New York Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, along with punitive damages and reasonable attorneys' fees, pursuant to General Business Law §349(h).

**COUNT IV:**
**FOR VIOLATION OF THE NEW YORK GENERAL BUSINESS LAW §350 ("GBL 350")**

66.    Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

67.    Defendants' materially misleading and deceptive conduct as set forth herein above violates the New York legal prohibition against false advertising in the conduct of any business, trade or commerce or in the furnishing of any service in the state.

68.    Defendants' multi-media dissemination of materially misleading and deceptive information to the New York public is precisely the sort of consumer-oriented conduct that is prohibited by General Business Law §350.

69.    Defendants have injured Plaintiffs and the Class members with their consumer-oriented, materially deceptive, false and misleading advertising, in violation of New York

General Business Law §350, and as a result thereof, the New York Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, along with punitive damages and reasonable attorneys' fees.

## COUNT V:
## FOR VIOLATION OF THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, 73 Pa. Stat. §201 et seq.

70.     Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

71.     The Pennsylvania Class members' legal right to be free from deceptive, misleading and unconscionable advertising is codified in Pennsylvania consumer protection law, 73 Pa. Stat. §201 et seq.

72.     As a direct and proximate result of Defendants' statutory violations, the Pennsylvania Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

73.     As a result of the harm caused by Defendants' violation of Pennsylvania consumer protection law, the Pennsylvania Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, punitive damages and attorneys' fees.

**COUNT VI:**
**FOR VIOLATION OF THE MARYLAND UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW, Md. Com. Law Code §13-101 et seq.**

74.      Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

75.      The Maryland Class members' legal right to be free from deceptive, misleading and unconscionable advertising is codified in Maryland consumer protection law, Md. Com. Law Code §13-101 et seq.

76.      As a direct and proximate result of Defendants' statutory violations, the Maryland Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

77.      As a result of the harm caused by Defendants' violation of Maryland consumer protection law, the Maryland Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, punitive damages and attorneys' fees.

**COUNT VII:**
**FOR VIOLATION OF THE DELAWARE UNFAIR TRADE PRACTICES AND**
**CONSUMER PROTECTION LAW, 6 Del. Code §2511 et seq.**

78.      Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

79.      The Plaintiffs' and Class members' legal right to be free from deceptive, misleading and unconscionable advertising is codified in Delaware consumer protection law, 6 Del. Code §2511 et seq.

80.      In that Defendants are residents of Delaware, they are liable to Plaintiffs and all Class members for their violation of Delaware consumer protection laws.

81.      As a direct and proximate result of Defendants' statutory violations, the Plaintiffs and Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

82.      As a result of the harm caused by Defendants' violation of Delaware consumer protection law, the Plaintiffs and the Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, punitive damages and attorneys' fees.


**COUNT VIII:**
**FOR VIOLATION OF THE DISTRICT OF COLUMBIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW, D.C. Code §28-3901 et seq.**

83.      Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

84.      The District of Columbia Class members' legal right to be free from deceptive, misleading and unconscionable advertising is codified in District of Columbia consumer protection law, 6 Del. Code §2511 et seq.

85.     As a direct and proximate result of Defendants' statutory violations, the District of Columbia Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

86.     As a result of the harm caused by Defendants' violation of District of Columbia consumer protection law, the District of Columbia Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013, punitive damages and attorneys' fees.

## COUNT IX:
## FOR BREACH OF CONTRACT

87.     Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

88.     Defendants' Slot Machine Refund Offer constituted a legal offer pursuant to which the Plaintiff and Class members were invited to patronize Revel Casino in July 2013 to gamble on Defendants' slot machines with no risk of losing any money whatsoever.

89.     Defendants' offer contemplated that any acceptance would be made by conduct.

90.     The Plaintiffs and Class members accepted Defendants' offer by traveling to Revel Casino and gambling on Defendants' slot machines, thereby establishing an enforceable legally binding agreement between the parties.

91.     The clear and unambiguous terms of the Slot Machine Refund Offer that the Plaintiff and Class members accepted included a provision that Defendants would "refund" all slot losses incurred in July 2013 by "giv[ing] it all back."

92.     The Plaintiffs and Class members incurred slot machine losses at Revel Casino in July 2013, and Defendants failed to refund said losses in accordance with the Slot Machine Refund Offer.

93.     Defendants are legally and equitably estopped from asserting the deceptive, misleading and contradictory terms contained in the Illegible Fine Print, or otherwise seeking to apply same to the agreement between the parties.

94.     As a result of Defendants' failure to refund the aforesaid slot losses incurred by the Plaintiffs and Class members, Defendants breached the agreement between the parties.

95.      As a direct and proximate result of Defendants' breach of contract, Plaintiffs and Class members have been injured and suffered damages, including, but not limited to, all monies lost in slot machine play at Defendants' Casino in the month of July 2013.

96.     As a result of the harm caused by Defendants' breach of contract, Plaintiffs and the Class members are entitled to recover the slot machine losses they sustained at the Revel Casino in July 2013.

## COUNT X:
## FOR UNJUST ENRICHMENT

97.     Plaintiffs repeat, reiterate and reallege each and every allegation as contained in the within complaint, with the same force and effect as though each were more fully set forth at length herein.

98.     The Plaintiffs and Class members conferred upon Defendants a non-gratuitous payment in the form of monies deposited into the slot machines at Revel in response to Defendants' Slot Machine Refund Offer.

99. Defendants retained the non-gratuitous payment conferred by Plaintiffs and the Class members with full knowledge and awareness that, as a result of Defendants' unconscionable wrongdoing, Plaintiffs and the Class members were not receiving the product and value that had been represented by Defendants and reasonable customers would have expected.

100.    Retaining the non-gratuitous benefits conferred upon Defendants by Plaintiffs and members of the Class under these circumstances made Defendants' retention of the non-gratuitous benefits unjust and inequitable.

101.    Because Defendants' retention of the non-gratuitous benefits conferred by Plaintiffs and members of the Class is unjust and inequitable, Plaintiffs and members of the Class are entitled to, and hereby seek disgorgement and restitution of Defendants' wrongful profits, revenue, and benefits in a manner established by the Court.

**PRAYER FOR RELIEF**

WHEREFORE, as a result of the foregoing, Plaintiffs and the Class have been damaged and Plaintiff therefore prays that this Honorable Court:

1. Certify this action as a class action as requested herein;

2. Appoint Plaintiffs as Representatives of the Class, and their attorneys as Class Counsel;

3. Adjudge, declare and decree the Defendants' Slot Machine Refund Offer within their Gamblers Wanted Campaign, to be unfair, deceptive and misleading, in violation of the above enumerated statutory and common laws of New Jersey, New York, Pennsylvania, Maryland, Delaware and the District of Columbia;

4. Enter judgment including an award of damages against Defendants and in favor of Plaintiffs and the members of the Class, in a sum equivalent to the slot machine losses incurred by the Class members at Defendants' Casino in July 2013, estimated to total at least $5,000,000;

5. Award treble damages to Plaintiffs and the members of the Class in an amount three times the actual slot machine losses incurred by the Plaintiffs and the Class members at Defendants' Casino in July 2013, estimated to total at least $15,000,000;

6. Award punitive damages to Plaintiffs and the members of the Class, in an amount reasonably calculated to punish Defendants for their unlawful conduct and deter Defendants and others from engaging in similar conduct in the future, in the amount of at least $15,000,000;

7. Award restitution and disgorgement to Plaintiffs and the other Class members;

8.  Award reasonable attorneys' fees including an appropriate contingency enhancement of the lodestar for purposes of fee shifting of no less than twenty percent (20%), and costs of this action to Plaintiffs and the members of the Class; and

9.  Such other and further relief as to this Honorable Court seems just and proper.


## JURY DEMAND


Plaintiffs hereby demand a trial by jury.


Dated: August 22, 2013

Plaintiffs Megan Boyd and Rakeen Henderson, each individually and on behalf of all others similarly situated,

By:     /s/ Todd D. Muhlstock (TM 28**)

Todd D. Muhlstock, Esq.
Baker Sanders, LLC
Attorneys for Plaintiff
100 Garden City Plaza, Suite 500
Garden City, New York 11530
(516) 741-4799 ext. 1226
(516) 741-3777 (fax; not for service)
TMuhlstock@BakerSanders.com