UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  March 26, 2014

MEGAN BOYD, RAKEEN HENDERSON,
STEPHANIE NOCKOWITZ, ROBERT
NOCKOWITZ, and STEPHANIE SHEPARD,
each individually and on behalf of all others
similarly situated,

                Plaintiffs,

v.

REVEL ENTERTAINMENT GROUP LLC, and
CHATHAM ASSET MANAGEMENT, LLC,

                Defendants.

13 Civ. 5965 (KPF)

-----------------------------------------------------------

FRANZISKA MONTAG, on behalf of herself and
all others similarly situated,

                Plaintiffs,

v.

REVEL ENTERTAINMENT GROUP LLC, and
CHATHAM ASSET MANAGEMENT, LLC,

                Defendants.

13 Civ. 7133 (KPF)

OPINION AND ORDER

------------------------------------------------------------ X

KATHERINE POLK FAILLA, District Judge:

      This matter has come before the Court upon Defendants' Motion to Transfer Venue to the District of New Jersey Pursuant to 28 U.S.C. § 1404(a) (the "Motion").

      Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[A] motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and

second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." *Mohsen* v. *Morgan Stanley & Co., Inc.*, No. 11 Civ. 6751 (PGG), 2013 WL 5312525, at *3 (S.D.N.Y. Sept. 23, 2013).

As set forth during the conference held on March 26, 2014, and after having examined the Motion and assessing the relevant factors, it is hereby ORDERED that Defendants' Motion is DENIED.

It is further ORDERED that:

1. Plaintiffs shall file and serve an amended consolidated complaint by April 16, 2014.

2. Defendants shall file a letter requesting a pre-motion conference for their anticipated motion to dismiss the amended consolidated complaint within three weeks of Plaintiffs filing said complaint.  Plaintiff shall file a response to Defendants' pre-motion conference letter within seven days of said letter being filed.  The Court will then contact the parties to schedule a pre-motion conference.

3. Plaintiffs' Joint Motion for Consolidation Pursuant to Federal Rule of Civil Procedure 42(a)(2) and for Appointment of Interim Class Counsel Pursuant to Federal Rule of Civil Procedure 23(g) (Dkt. #29 in 13-cv-5965) is DENIED as moot without prejudice to re-file once the amended consolidated complaint has been filed.

The Clerk of Court is directed to terminate Docket Entries 23 and 29 in *Boyd et al.* v. *Revel Entertainment Group, et al.*, 13 Civ. 5965, and Docket Entry 11 in *Montag* v. *Revel Entertainment LLC et al.,* 13-cv-7133.

SO ORDERED.

Dated: March 26, 2014
New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge